United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-41259**

**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LAWRENCE CAESAR THOMAS, JR.,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-218-1
--------------------

Before DAVIS, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Lawrence Cesar Thomas, Jr., pleaded guilty to possession with intent to distribute cocaine base and was sentenced to 151 months' imprisonment. He argues that his consent to search his father's house, wherein he was living and drugs were found, was involuntary because one of the federal agents threatened to have agents kick in the door to Thomas's mother's house, located in another area of Beaumont, Texas, if Thomas did not consent. Thomas also argues,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for the first time on appeal, that the search exceeded the scope of his consent when the agents looked in the ceiling of his father's house.

The district court's determination that Thomas voluntarily consented to the search of his father's house is supported by the record and was not clear error. See United States v. Posada-Rios, 158 F.3d 832, 868 (5th Cir. 1998); United States v. Gonzales, 79 F.3d 413, 421 (5th Cir. 1996). There was no error, much less plain error, with whether the agents' looking in the ceiling of Thomas's father's house exceeded the scope of the consent to search. See United States v. Rich, 992 F.2d 502, 506-07 (5th Cir. 1993).

**AFFIRMED.**